**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rene R.,

Petitioner,

v.

David Easterwood, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Markwayne Mullin, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; David J. Venturella, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; Todd Blanche, *in his official capacity as Attorney General of the United States*; and Tom Kessler, *Appleton Detention Facility Warden*,

Respondents.

File No. 26-CV-4823 (JMB/ECW)

**ORDER**

---

Solomon Daniel Steen, Contreras Edin Law, P.A., St. Paul, MN, for Petitioner Rene R.

David W. Fuller and Carl Berry, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Markwayne Mullin, David J. Venturella, Todd Blanche, and Tom Kessler.

---

This matter is before the Court on Petitioner Rene R.'s[1] Petition for Writ of Habeas

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names David Easterwood, Markwayne Mullin, David J. Venturella, Todd Blanche, and Tom Kessler as Respondents. (*See id.*) The Court grants the Petition.

## FINDINGS OF FACT[2]

1. Rene R. is a native and citizen of Guatemala. (Pet. ¶¶ 6, 22.)

2. On or around November 4, 2021, Rene R. entered the United States without inspection. (*Id.* ¶ 6.)

3. Rene R. works to support his family abroad and maintains regular connection with immediate family members who also live in the United States. (*Id.* ¶ 24.)

4. During the five years Rene R. has been in the United States, he has not committed any crimes. (*Id.* ¶ 23.)

5. On the morning of November 6, 2026, Immigration and Customs Enforcement (ICE) officers took Rene R. into custody after in the parking lot of his apartment building. (*Id.* ¶¶ 7, 25.)

6. ICE agents did not have a warrant at the time they detained Rene R. (*Id.*

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, Rene R.'s allegations of fact are deemed admitted and unopposed. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000). The Court acknowledges that, in the three-page document submitted by Respondents on November 18, 2026, counsel purports to recite Respondents' version of the facts pertaining to the arrest of Rene R. However, these unsupported assertions are not themselves evidence and absent some evidence submitted into the record, the Court disregards counsel's statements. *See e.g.*, *U.S. v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994) ("[S]tatements of counsel are not evidence.").

¶ 27.)

7. ICE had not generated a Notice to Appear prior to taking Rene R. into custody. (*Id.*)

8. Rene R. was cooperative with ICE officers during the entire encounter and furnished them with his driver's license, which listed his correct home address. (*Id.* ¶¶ 25, 26.)

9. ICE initially detained Rene R. at the Grand Forks County Correctional Center; six days later, however, ICE transferred him to the Appleton Detention Center. (*Id.* ¶ 7.)

10. On November 13, 2026, Rene R. filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* Pet.)

11. On November 16, 2026, the Court ordered Respondents to file a response, including a reasoned memorandum of law, to the Petition on or before 11:00 a.m. on November 18, 2026. (Doc. No. 3.) The Court expressly ordered that Respondents make an affirmative statement whether Respondents complied "with the Immigration and Nationality Act and accompanying regulations when they took Petitioner into custody" and that Respondents submit a declaration made by a person with knowledge of the facts "and any supporting documentation relating to the lawfulness of Petitioner's arrest and/or continued confinement." (*Id.*)

12. In their three-page response, Respondents' provides an unsworn and unsupported statement regarding the circumstances of Rene R.'s arrest—specifically, that Respondents committed a warrantless arrest when, while seeking to arrest another man by

the name Rene R. with a Form I-205 warrant they ended up arresting Rene R. "[w]ithout confirming that Petitioner was the same individual"; and that, upon discovering the mix-up, they nevertheless continued to hold Rene R. in custody and initiated removal proceedings upon discovering that Rene R. entered without inspection. (Doc. No. 6 at 1.) As noted above, these unsworn and unsupported statements are not evidence or statements of fact on which a court can rely.

13. The document filed by Respondents indicates that they "have decided not to file any materials" and attempts to justify their refusal to follow the Court's order. (Doc. No. 6 at 2.) In this document, Respondents do not respond to any legal argument set forth in the Petition.[3] (*See id.*)

## DISCUSSION

In his Petition, Rene R. argues that his detention is unlawful in several ways, namely that his detention violates the requirements of the Immigration and Nationality Act (INA) and accompanying regulations, as well as the Due Process Clause of the Fifth Amendment of the U.S. Constitution. For the reasons set forth below, the Court grants the Petition.

### A. Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C.

[3] Although Respondents include a vague reference to arguments in prior cases and state that they "expressly preserve their prior arguments" (Doc. No. 7 at 2), they reference no specific prior argument (of which there have been thousands), develop no legal argument in response to the particular claims in this Petition, and make no attempt to justify the ongoing detention of Rene R.

§ 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Respondents' Failure to Comply with 28 U.S.C. § 2243**

The habeas statute is clear. Once a habeas petition is filed, the Court must either grant the petition or order the responding party to show cause why the petition should not be granted. 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). In this District, and in the past year alone, Respondents have been ordered to respond to habeas petitions thousands of times, just as the habeas statute directs. Put simply, 28 U.S.C. § 2243 includes a mandatory requirement that the detaining party file a return: "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention."

In this case, however, despite the routine practice followed in thousands of previous cases, notwithstanding this Court's Order (Doc. No. 4 (requiring Respondents to submit a

reasoned memorandum and accompanying documentation)), and contrary to the plain language of 28 U.S.C. § 2243, Respondents submitted no evidence or legal argument. Instead, Respondents' counsel[4] filed a three-page document in which they advance no legal arguments responsive to the claims raised in the Petition and in which they dispute no facts. There is no reasonable interpretation of Respondents' three-page document that could satisfy section 2243. The Court is, therefore, compelled to conclude that the Petition is unopposed, and on that basis, the Court grants the Petition. *See Rodriguez Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal).

### C. Violation of Applicable Regulatory and Statutory Requirements

Separately and independently, the Court also grants the Petition based on the merits, concluding that Rene R. was not brought into custody pursuant to an authorized warrantless detention. Under the INA, Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so arrested is [1] in violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-*

[4] The Court need not determine whether counsel is responsible for failing to comply with the Court's order and section 2243 or whether Respondents directed their attorney not to answer the Petition. Either way, the Petition stands uncontested.

*Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied either prong of section 1357(a).[5] (*See* Doc. No. 7.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had probable cause to believe Rene R. was likely to escape. And even if the Court credited Respondents' counsel's unsworn and unsupported renditions of the facts (it does not), the Court notes that Respondents go so far as to admit that they also had no probable cause to believe that Rene R. had violated any immigration law at the time of his arrest. (*See* Doc. No. 6 at 1.) In addition, and in contrast to the facts in *Quintana*, 623 F.3d at 1238, 1240–41, the record presented in this case establishes that Rene R. was cooperative with detaining agents, has no criminal history, and had no fraudulent identification or immigration documents in his possession. Thus, the Court concludes that Respondents violated section 1357(a)(2).

**D. Release Pending Resolution of Removal Proceedings**

For both of these independent reasons, the detention of Rene R. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No.

[5] This is surprising, because, under Respondents' rendition of the facts, they readily concede they had no warrant for Rene R.'s arrest. (*See* Doc. No. 6 at 1.)

26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").[6]

---

[6] Although the Court need not address the question whether Respondents' warrantless arrest of Rene R. violates his due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Rene R. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community like Rene R., who

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Rene R. immediately, and in any event no later than 4:00 p.m. CT on November 19, 2026.

2. On or before 11:00 a.m. CT on November 20, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Rene R.

3. On or before 11:00 a.m. CT on November 20, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Rene R. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

---

had been lived peacefully in the United States for five years and committed no crimes. Thus, Rene R.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

5. To the extent Petitioner Rene R. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 18, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court